**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**PRO GOLF OF AMERICA, INC.,**

                **Plaintiff(s),**          **CASE NUMBER: 05-74466
HONORABLE VICTORIA A. ROBERTS**

**v.**

**LOW PRO GOLF, INC.,**

                **Defendant(s).**

_____/

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

This matter is before the Court on Defendant Low Pro Golf, Inc.'s Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) or, in the Alternative, to

Transfer Case Pursuant to 28 U.S.C. §1404(a).  Defendant asserts that the Court lacks

personal jurisdiction over it and that venue is not proper, because it is a North Carolina

company[1] which does not have contacts in this district via real or personal property,

business dealings, visits, telephone calls or correspondence.  Defendant acknowledges

that it operates an internet website, but denies that maintenance of the site constitutes

the necessary contact with this district to confer personal jurisdiction.  If the Court finds

that there is personal jurisdiction, Defendant alternately requests that the case be

transferred to the Western District of North Carolina "for the convenience of the parties

and witnesses [and] in the interest of justice.  28 U.S.C. §1404(a).

_____

[1]Per the affidavit attached to Defendant's motion, Ashman's Inc. is a North
Carolina company doing business as Low Pro Golf, Inc.

1

The Court GRANTS Defendant's motion based on a lack of personal jurisdiction, because Defendant's allegations are unrefuted.  When jurisdiction is challenged via a 12(b)(2) motion, the plaintiff bears the burden of establishing the existence of personal jurisdiction and may not simply stand on its pleadings.  *International Tech Consultants, Inc v Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997); *Theunissen v Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  Rather, the plaintiff must "by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen,* 935 F.2d at 1458.  Here, however, Plaintiff did not respond to Defendant's motion.  Consequently, there is no evidence contrary to Defendant's claim that it does not have the necessary minimum contacts with this district.

The Court is aware that certain types of interactive websites are sufficient to establish personal jurisdiction.  *See Neogen Corp. v Neo Gen Screening,* 282 F.3d 883 (6th Cir. 2002)*; Zippo Manufacturing Co. v Zippo Dot Com, Inc.,* 952 F.Supp. 1119 (W.D. Pa. 1997).  However, it is not apparent from the Court's review of Defendant's site whether it meets the requisite criteria, and neither Plaintiff's complaint nor Defendant's motion provides sufficient information on this issue.  Therefore, the Court must accept Defendant's unchallenged assertion that the site does not constitute the necessary contact with this district to confer personal jurisdiction.

Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 17, 2006

2

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 17, 2006.

S/Carol A. Pinegar

Deputy Clerk